FILED

February 8, 2018

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 8:00 A.M.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD
## (HEARD JANUARY 10, 2018 AT JACKSON)

| | | |
|---|---|---|
| Jay Burnett | ) | Docket No.   2017-08-0409 |
| | ) | |
| v. | ) | State File No. 14753-2017 |
| | ) | |
| Builders Transportation, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Deana C. Seymour, Judge | ) | |

---

### Affirmed and Remanded - Filed February 8, 2018

---

The employee, a truck driver, suffered injuries when steel pipes he was delivering rolled off a flatbed trailer and struck him. The employer denied the employee's claim for benefits, asserting the employee failed to use pipe stakes to secure the load and that such failure amounted to willful misconduct or a willful failure or refusal to use a safety device. At an expedited hearing, the parties stipulated that the only issue was whether the employee was guilty of willful misconduct, and that if not, the employee would be entitled to temporary disability and medical benefits as a result of the work-related injury. Following the hearing, the trial court awarded benefits, finding the employer did not present sufficient evidence to establish its affirmative defense and concluding the employee established he is likely to prevail at trial. The employer has appealed. We affirm the trial court's order awarding temporary disability and medical benefits and remand the case.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge Timothy W. Conner joined.

Michael W. Jones, Nashville, Tennessee, for the employer-appellant, Builders Transportation

Shannon L. Toon, Memphis, Tennessee, for the employee-appellee, Jay Burnett

1

**Factual and Procedural Background**

Jay Burnett ("Employee"), a fifty-three-year-old resident of Perryville, Missouri, worked as an over-the-road truck driver for Builders Transportation Company, LLC ("Employer"). On February 26, 2017, he left Perryville driving Employer's truck with an empty flatbed trailer en route to Tenaris, a manufacturer of steel pipes located in Blytheville, Arkansas. Upon his arrival, he "dropped" his flatbed trailer in a designated drop area and located the trailer loaded with steel pipes that he was to transport to Consolidated Pipe & Supply Co. ("Consolidated"), in Birmingham, Alabama.

According to a statement signed by Employee, upon backing to the loaded trailer, but before hooking it up, he inspected the trailer.[1] He described the load as being "about [four] tiers high with lumber securement and with [four] straps attached." His statement indicated he hooked the trailer to his truck and "added the needed additional straps and [four] pipe stakes for securement of the load." After checking the trailer lights, he drove onto the scales and went inside the office where he was given paperwork describing the load and the weight of the load. After "signing out," he left en route to Consolidated, but stopped before reaching Birmingham to park overnight because Consolidated would not be open until the next morning.

Early the next morning he arrived at Consolidated, parking his truck "in line" where other trucks were located outside of Consolidated's premises before walking to the "guard/check-in office." He was instructed he would be notified "when they were ready for [him]," after which he returned to his truck. Upon being notified, he "proceeded to the guard shack at the gate for them to let [him] onto the yard." His written statement described the events that followed.

> After checking my load, they opened the gate and I proceeded to the yard to the unloading point. I was instructed to unstrap the load to allow them to unload. After inspecting the load, I started loosening wenches [sic]/straps at the front of the trailer moving my way back towards the back of the trailer. As I neared the last two straps, I heard something move or break. I tried to get out of the way but was not able. I was hit by pipes that fell off the trailer.

Employee sustained serious injuries and was transported by ambulance to the University of Alabama Medical Center in Birmingham where he underwent numerous surgeries and remained hospitalized until April 20, 2017.[2] Employer promptly completed a First Report of Work Injury. However, following its investigation of the accident,

---

[1] The statement was admitted into evidence at the expedited hearing by agreement of the parties.

[2] There is no dispute concerning Employee's medical care and treatment. Accordingly, we need not summarize the nature or extent of the medical treatment.

Employer denied Employee's claim for workers' compensation benefits based upon Tennessee Code Annotated section 50-6-110(a) (2017), asserting Employee willfully failed or refused to use a safety device by failing to properly secure his load with pipe stakes, and that his failure to use the pipe stakes constituted willful misconduct.[3]

Although present at the expedited hearing, Employee did not testify in person. He gave his account of the accident through an affidavit and the written statement addressed above, both of which were admitted into evidence without objection. Employee's affidavit stated, among other matters, that Employer denied him workers' compensation benefits "based upon willful misconduct and willful violation of safety equipment [sic]." It further stated, "I deny any alleged willful misconduct and/or any alleged violation of safety equipment [sic]."[4]

The trial court heard testimony from Employer's training supervisor, Robert Hall, and its safety and risk director, A. J. Sellers. Neither of these representatives witnessed the incident. Mr. Hall's testimony established that Employee had been trained in and had knowledge of Employer's policies and procedures, particularly in regard to securing loads for transport. Documents bearing Employee's signature were introduced into evidence to support Mr. Hall's testimony.

Mr. Sellers testified that he went to Birmingham to inspect the truck and trailer and to visit the accident scene the day after the accident occurred. Because he needed time to travel to Birmingham, he asked Employer's facility manager in Birmingham to go to Consolidated's yard and photograph the scene. He also requested and received photographs from someone at Consolidated, which were entered into evidence over Employee's objection. No photographs taken by Employer's Birmingham facility manager were offered into evidence, and the Birmingham facility manager did not testify. Mr. Sellers inspected the truck and trailer at Employer's Birmingham facility where they had been moved after the accident. The steel pipes Employee delivered to Consolidated were not on the trailer at the time of his inspection. Mr. Sellers testified that the pipe stakes were stored on the truck and were undamaged and appeared "rusted," indicating to him that the stakes had not been used recently. Neither Mr. Sellers nor Mr. Hall testified that there was any record of any policy violations or disciplinary actions taken against Employee before the February 2017 accident.

At the expedited hearing, the parties agreed that the only disputed issue was whether there was any willful misconduct by Employee. The trial court phrased the issue in its expedited hearing order as whether Employer "is likely to establish at a hearing on the merits that [Employee's] willful misconduct or willful violation of a safety rule bars

---

[3] As explained by Employer's witness, A. J. Sellers, pipe stakes are pieces of metal that fit into holes on the side of the flatbed trailer that provide additional security to prevent a load from rolling or falling off.

[4] The affidavit, however, did not address his alleged use of pipe stakes.

his claim." The trial court found that Employer failed to present evidence to overcome Employee's assertion that he used the pipe stakes and awarded Employee temporary disability and medical benefits. Employer has appealed.

## Standard of Review

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2017). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2017).

## Analysis

Employer identifies a single issue on appeal, asserting it "presented sufficient evidence to meet [its] burden of proof on the essential elements of the 'Mitchell Defense' from which the lower court could determine [it is] *likely to prevail* on that defense." (Emphasis added.) Citing *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp App. Bd. LEXIS 6, at *9 (Tenn. Workers' Comp. App. Bd. Mar 27, 2015), Employer contends that a lesser evidentiary standard applies at the expedited hearing stage and allows some relief to be granted even if the evidence does not rise to the level of a preponderance of the evidence. It asserts that it provided sufficient evidence from which the trial court could determine that it is "likely to prevail at a Compensation Hearing" in establishing its affirmative defense.

Tennessee Code Annotated section 50-6-239(d)(1) provides that a workers' compensation judge may hear disputes on an expedited basis and enter an interlocutory order for temporary disability or medical benefits "upon determining that *the injured employee* would likely prevail at a hearing on the merits." (Emphasis added.) We have consistently described this burden of proof as a "lesser evidentiary standard" than a preponderance of the evidence. *See Helgerson v. Packer Sanitation Servs., Inc.*, No. 2014-03-0023, 2015 TN Wrk. Comp. App. Bd. LEXIS 38, at *10-11 (Tenn. Workers'

4

Comp. App. Bd. Sept. 23, 2015); *Lallo v. Marion Environmental, Inc.*, No. 2015-06-0287, 2015 TN Wrk. Comp. App. Bd. LEXIS 32, at *6-7 (Tenn. Workers' Comp. App. Bd. Sept. 4, 2015).

Here, the trial court determined that Employee "has shown he is likely to prevail at a hearing on the merits regarding his claim for benefits," which is the appropriate standard of proof applicable to an employee at the expedited hearing stage of litigation. *See* Tenn. Code Ann. § 50-6-239(d)(1). However, this evidentiary standard, by its very terms, is applicable to an *employee* seeking temporary disability or medical benefits on an expedited basis. Nothing in section 50-6-239 addresses an employer's affirmative defenses or the standard of proof applicable in establishing those defenses at an expedited hearing. *See* Tenn. Code Ann. § 50-6-239.

Employer's defense relies on Tennessee Code Annotated sections 50-6-110(a)(1) and (4), which provide that no compensation "shall be allowed for an injury" due to the employee's "willful misconduct" or the employee's "willful failure or refusal to use a safety device." Section 50-6-110(b) provides that if an employer defends on either of these grounds "the burden of proof shall be on the employer to establish the defense." Irrespective of the burden of proof placed upon an employer at a trial on the merits who asserts an affirmative defense pursuant to section 50-6-110(a), section 50-6-239(d)(1) provides that the standard applicable in determining whether an employee is entitled to benefits at an expedited hearing is whether the evidence is sufficient for the court to determine "that the employee would likely prevail at a hearing on the merits." Tenn. Code Ann. § 50-6-239(d)(1).

We previously applied the test set out in *Mitchell v. Fayetteville Public Utilities*, 368 S.W.3d 442 (Tenn. 2012), for determining whether an injured worker committed willful misconduct or willfully failed or refused to use a safety device. *See Roper v. Allegis Group*, No. 2016-01-0546, 2017 TN Wrk. Comp. App. Bd. LEXIS 14 (Tenn. Workers' Comp. App. Bd. Feb. 10, 2017). In *Roper*, we reiterated the four elements of a successful defense based on section 50-6-110(a): "(1) the employee's actual, as opposed to constructive, notice of the rule; (2) the employee's understanding of the danger involved in violating the rule; (3) the employer's bona fide enforcement of the rule; and (4) the employee's lack of a valid excuse for violating the rule." *Id.* at *7. Additionally, we have observed that "it stands to reason that the existence of a violation must occur to successfully invoke this defense." *Neal v. Connect Express, LLC*, No. 2016-06-1872, 2017 TN Wrk. Comp. App. Bd. LEXIS 9, at *10 (Tenn. Workers' Comp. App. Bd. Jan. 30, 2017).

In the instant case, Employee's signed statement reflects that, when he was preparing to depart for Birmingham, he "added the needed additional straps and [four] pipe stakes for securement of the load." Neither of Employer's witnesses at the expedited hearing actually saw the accident occur or investigated the accident on the day

5

of its occurrence. Neither investigated the accident while the truck and trailer were present at the accident location. Photographs admitted into evidence show the purported accident scene, but the person who took the photographs did not testify. The only testimony concerning those photos was provided by Mr. Sellers, who was able to testify only as to how he received the photographs. By the time Mr. Sellers examined the truck and trailer, the steel pipes had been unloaded from the trailer and the truck and trailer had been moved to Employer's Birmingham facility. Mr. Sellers offered no testimony as to how the pipe stakes came to be placed in the storage area on the truck and trailer.

The trial court analyzed the facts consistently with *Mitchell* and determined that Employer "failed to present evidence to overcome [Employee's] assertion that he used the pipe stakes." In short, although there was circumstantial evidence to the contrary, the trial court accepted Employee's account that he added the four pipe stakes. The trial court rejected Employer's defense and concluded Employee "did not 'willfully' violate a safety rule or commit 'willful' misconduct." Based on these determinations, the trial court found that Employee "has shown he is likely to prevail at a hearing on the merits regarding his claim for benefits." The preponderance of the evidence supports the trial court's determinations at this interlocutory stage of the case.

## Conclusion

For the foregoing reasons, we affirm the trial court's decision and remand the case for any further proceedings that may be necessary.

**FILED**

**February 8, 2018**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

**Time: 8:00 A.M.**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Jay Burnett | ) | Docket No.   2017-08-0409 |
| | ) | |
| v. | ) | State File No.  14753-2017 |
| | ) | |
| Builders Transportation, et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 8th day of February, 2018.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Shannon L. Toon | | | | | X | stoon@taylortoon.com |
| Michael W. Jones | | | | | X | mjones@wimberlylawson.com |
| Deana C. Seymour, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |



Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: WCAppeals.Clerk@tn.gov